UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| BARRY P. SIMONS (#119269), | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:15-cv-00032 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE AND THE | ) | |
| TENNESSEE BOARD OF PAROLES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM

Plaintiff, Barry Simons, filed this action under 42 U.S.C. § 1983 against the Defendants: the State of Tennessee, the Tennessee Board of Paroles, Tennessee 31st Judicial District, Circuit Court Judge Bart Stanley, former District Attorney General Dale Potter, and former public defender Dan T. Bryant. Plaintiff's claims are that Plaintiff was coerced into accepting a plea agreement and that the plea agreement's terms were breached, resulting in Plaintiff serving an extra three years in prison. (Docket No. 1).

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. To state a colorable claim under 42 U.S.C. § 1983, Plaintiffs must allege plausible facts of (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002) (citations omitted).

Plaintiff's § 1983 claims for damages is predicated on the merits of his claims. Yet, for these

1

claims the law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or calle dinto question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because Plaintiff has not demonstrated that his conviction or sentence has been invalidated, Plaintiff cannot pursue a § 1983 claim for damages.

For these reasons, the Plaintiff's complaint will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

**ENTERED** this the ___1st___ day of ___June___, 2015.

_____
William J. Haynes, Jr.
Senior United States District Judge